### ROLLS v. BELL CABS, Inc.*
#### No. 14960.

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

Robert L. A. Indest and Gordon Boswell, both of New Orleans, for appellant.

John C. O'Connor, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit for damages to his automobile as the result of an intersectional collision. From a judgment in favor of plaintiff, both parties have appealed.

The collision took place at the intersection of Oak and Pine streets in the city of New Orleans at about 8 a. m., Thursday, September 21, 1933. Both streets are paved and intersect each other at right angles, being of equal dignity under the city traffic ordinance. Plaintiff was driving his Oldsmobile sedan down Oak street in the direction of Broadway, being accompanied by his mother, his sister, and her husband. Defendant's taxicab, operated by its agent, was proceeding out Pine street in the direction of South Claiborne avenue. On the trial of the case defendant was unable to produce the operator of its vehicle and we are without the benefit of his testimony. Likewise, plaintiff failed to produce his sister and her husband, as they were residing in the city of New York, and he did not place his mother upon the witness stand. Consequently, the only evidence whatsoever as to the occurrence is the testimony of plaintiff. He was proceeding, as stated, down Oak street at a distance of two to three feet from the right-hand or river side curb. He stated that had a car been parked on the right-hand side of Oak street he would have had to swerve toward the center of the roadway to avoid striking it. Plaintiff's car was traveling between fifteen and twenty miles per hour, and, having negotiated the intersection to a distance of more than half the width of Pine street, was struck on the right rear side by the taxicab of defendant. Plaintiff testified that the rear of his car was knocked around toward the left, but that the taxicab stopped immediately upon the impact. Plaintiff was driving between fifteen and twenty miles an hour and neither slowed down nor sounded his horn on approaching the intersection. He was totally unfamiliar with that section of the city and knew nothing about the density of traffic on either street. He was looking straight ahead at the time of the collision

*Rehearing denied June 24, 1935.

and at no time saw defendant's car until it struck the right side of his automobile. Trees and shrubs obscured a view into Pine street and plaintiff said he could only see between fifteen and twenty feet therein upon reaching the intersection.

In the case of Goff v. Southern Coffee Mills (La. App.) 144 So. 513, 514, there was an intersectional collision at a corner where the view was obstructed very much, as in this case. This court said:

"On the upper river corner, which was the corner over which, had there been no obstruction to the view, either driver could, had he looked, have seen the other vehicle approaching, there was a large wooden building, which extended to the property line of both streets. This placed upon the drivers, *particularly on the one who did not have the right of way*, the duty of exercising *extraordinary* care before emerging into the intersection." (Italics ours.)

It will thus be seen that there was imposed upon the plaintiff the duty of exercising extraordinary care in entering this intersection not only because of the obstruction of his view caused by the trees and shrubbery, but due to the fact that defendant's automobile was approaching from the right and, under the city traffic ordinance introduced and filed in evidence, had the right of way. There is nothing in the record tending to show negligence on the part of defendant's driver, as plaintiff did not see the car until the moment of impact. But the fact that the taxicab stopped immediately upon impact tends to disprove the allegation of excessive speed. Had plaintiff slowed down his car sufficiently to give him an opportunity to glance to the right into Pine street, he would certainly have seen defendant's automobile approaching. He had no right to assume that it was safe for him to cross the intersection without looking. In Provosty v. Christy, 152 So. 784, 786, we said:

"But, while it is true that there is a presumption that a paved roadway is safe for travel, this does not mean that an automobile driver may rely on that presumption to such an extent as to relieve him from negligence if he fails to see a danger which should have been apparent to a reasonably prudent and observant person."

Whether or not there was any negligence on the part of defendant's driver, we are unable to state, having to rely solely upon the testimony of plaintiff, but plaintiff's testimony convinces us that his failure to use reasonable care in slowing down his automobile and looking to the right to ascertain if any vehicles which had the right of way were approaching constitutes such contributory negligence as would bar a recovery by him.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that plaintiff's suit be dismissed at his cost.

Reversed.